UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL BERROCAL,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>　　Defendant. | Civil Action Number:<br>2:10-cv-02226<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

### MEMORANDUM OPINION

Plaintiff Angel Berrocal brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, seeking review of a final determination by the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits. For the following reasons, the Commissioner's decision will be **AFFIRMED**.

### I.   INTRODUCTION

Plaintiff worked on a loading dock. He was injured on the job in August 2004. Thereafter, his condition deteriorated. He was laid off in September 2005. On April 7, 2006, Plaintiff filed an application for Disability Insurance Benefits, alleging disability from September 23, 2005. (Tr. at 26.) The claim was denied both initially and upon reconsideration. (Tr. at 26.) Subsequently, on December 14, 2006, Plaintiff filed a request for a hearing. (Tr. at 26.) The hearing took place on September 12, 2006, via a video conference, before Administrative Law Judge ("ALJ") Dennis O'Leary presiding in Newark, New Jersey. (*Id.*) On October 19, 2007, the ALJ denied Plaintiff's application. (Tr. at 32.) The Appeals Council affirmed the ALJ's decision on February 25, 2010. Thereafter, on May 3, 2010, Plaintiff filed his Complaint and Brief in this Court. (Compl. ¶ 4.) Because Plaintiff filed this action *pro se*, the Court has reviewed his claims liberally. Plaintiff filed a handwritten document that this Court construes as a brief. (Doc. No. 12.)

## II.   STANDARD OF REVIEW AND ANALYSIS AT THE ADMINISTRATIVE LEVEL

At the administrative level, a five-step process is used to determine whether an applicant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the ALJ determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* at §§ 404.1520(b), 416.920(b). If not, the ALJ moves to Step Two to determine if the claimant's alleged impairments qualify as "severe." *Id.* at §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment or impairments, the ALJ inquires in Step Three as to whether the impairment or impairments meet or equal the criteria of any impairment found in the Code of Federal Regulation's *Listing of Impairments*. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. If so, the claimant is deemed disabled *per se* and the inquiry ends; if not, the ALJ moves on to Step Four. *Id.* at §§ 404.1520(d), 416.920(d). In the Fourth Step, the ALJ decides whether, despite any severe impairment(s), the claimant retains the residual functional capacity ("RFC") to perform past relevant work. *Id.* at §§ 404.1520(e)-(f), 416.920(e)-(f). The claimant bears the burden of proof at each of these first four steps. At Step Five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age, education, work experience, and RFC. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007).

The Third Circuit requires an ALJ to "set forth the reasons for his decision," so that the district court can conduct meaningful judicial review. *Burnett v. Comm'r*, 220 F.3d 112, 119 (3d Cir. 2000). The district court reviews the ALJ's application of law *de novo*; factual findings are reviewed to determine whether they are supported by substantial evidence in the record.

## III.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a forty-seven year old male. He alleges that he suffers from constant severe back pain as well as depression resulting from his injured back. (Tr. at 37, 41, 47, 50, 55.) Plaintiff was employed for more than fifteen years in the receiving department of Caravan Products, Inc. (Tr. at 38.) Plaintiff's job required the heavy lifting of items weighing approximately fifty pounds on average. (*Id.*) Plaintiff asserts that he suffered a back injury in August of 2004, rendering him unable to lift heavy objects, unable to sit for more than one-half hour, unable to walk for more than 200 meters, and unable to drive a vehicle for more than thirty minutes. (Tr. at 40, 49–51, 55.) In September 2005, Caravan Products fired Plaintiff. (Tr. at 40.) Plaintiff subsequently enrolled in a local university and completed a bachelor's degree. (Tr. at 37, 46–47.) After receiving medical treatment, including steroid injections into his back on two occasions, Plaintiff's doctor informed him that he needed surgery. (Tr. at 45–46.) Plaintiff sought coverage from his wife's health insurance company. (Tr. at 44.) The insurance company declined to cover

the cost of the surgery because the injury was work related. (Tr. at 43–44.) Thereafter, Plaintiff sought disability coverage in the Social Security system. (*Id.*)

Plaintiff claims he experienced back pain and suffered from resulting limitations. Some objective evidence, such as findings from medical doctors, supported Plaintiff's claim that he experienced pain. The ALJ reviewed Plaintiff's medical records during the course of his analysis. (Tr. at 30–31.) The ALJ explained that the record showed that a physical examination of Plaintiff indicated some level of pain causing Plaintiff some limitations. (Tr. at 30.) Plaintiff's treating physician, Arash Amami, M.D., in October 2004, however, reported that Plaintiff had no limitations consistent with the injury he alleged. (*Id.*) Additionally, the ALJ noted that subsequent physical examinations of Plaintiff, although documenting continued lower back pain, did not indicate a degree of pain consistent with the pain described by Plaintiff. (*Id.*) The examining doctors deemed Plaintiff "to have exaggerated [his] symptoms given the lack of any new or old compression on MRI films." (*Id.*) The examining doctors stated that, based on the relatively minimal MRI findings, Plaintiff did not even require surgery. (*Id.*) An examining physician, and also a State agency medical consultant, noted that, notwithstanding the evidence of a minimal back injury, Plaintiff did not appear to be in severe pain. (Tr. at 30–31.) Finally, two MRI scans, taken in 2004 and 2006, noted only very small bulges and a mild or shallow herniation, injuries which are not consistent with the degree of pain described by Plaintiff. (Tr. at 31.) Based on this evidence, the ALJ determined that Plaintiff's claim of impairment did not meet or equal the criteria of any impairment found in the C.F.R.'s *Listing of Impairments*. The ALJ concluded that Plaintiff failed to carry his burden at Step Three. The ALJ determined, at Step Four, that Plaintiff had the RFC to perform a full range of light work.

Plaintiff also complained of suffering from anxiety and depression caused by his back injury. The ALJ rejected this claim because Plaintiff neither sought nor received psychiatric treatment for his alleged anxiety and depression other than an examination prior to the commencement of his claim. (*Id.*) Moreover, the ALJ stated that Plaintiff's success in an academic environment strongly indicated that Plaintiff did not suffer a "severe mental impairment." Therefore, Plaintiff's claim in connection with anxiety and depression failed at Step Two. (*Id.*)

## IV.  ANALYSIS

The Court has reviewed the ALJ's opinion. It is lucid, orderly, and reasoned. Unfortunately, Plaintiff's *pro se* filing is difficult to follow. As best as the Court can tell, Plaintiff asserts four errors in the ALJ's reasoning. This opinion will address each of these purported errors in turn. The Court also notes that Plaintiff asserts that the ALJ made other errors in his five-step analysis. In regard to these other purported errors, Plaintiff's arguments are entirely conclusory. Plaintiff fails to articulate any specific reasons or put forth any specific evidence that the ALJ failed to consider. Such undeveloped arguments are considered abandoned or waived.

1. *The New Evidence Provided by Plaintiff after the ALJ's Decision does not Require this Court to Remand this Case back to the ALJ*

Six months after the ALJ's decision, Plaintiff submitted new evidence to the Appeals Council, including progress notes and a "Multiple Impairment Questionnaire" from Sylvia Coscia, M.D. Plaintiff seems to argue that this case must be remanded because, contrary to the ALJ's findings, these reports demonstrate that Plaintiff did indeed suffer from a severe impairment that met the Step Three criteria. In fact, parts of Dr. Coscia's report corroborate the ALJ's findings. Dr. Coscia consistently classified Plaintiff's pain and impairments as minimal or moderate, not severe or even moderately severe. (Tr. at 347.) At best, the Coscia report is ambiguous evidence in support of remand.

It is not disputed that Dr. Coscia's report is new; whether it is material is another question. Even assuming that Dr. Coscia's report is material, and that it tends to establish that Plaintiff actually suffered from a severe impairment, Plaintiff's argument for remand is procedurally barred.[1] Plaintiff failed to demonstrate that he had good cause for neglecting to submit this information to the ALJ. *Szubak v. Sec'y of Health & Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984) (requiring claimant to demonstrate "good cause" for not having incorporated "new" and "material" evidence into the record).

In these circumstances, remand will not be ordered.

2. *Objective Medical Evidence does not Corroborate Plaintiff's Claims in Regard to Depression and Anxiety*

Plaintiff claims that he suffers from depression and anxiety and that this constitutes a "severe impairment" under Step Two. The ALJ considered evidence for and against this claim. The ALJ noted that the State agency medical consultant reported that Plaintiff suffered from some impairment due to depression and anxiety. However, the ALJ also considered the findings of the State agency review psychologist who determined that although Plaintiff suffered from dysthymic disorder; it was not severe. (Tr. at 314; *see* THE MERCK MANUAL 1705 (18th ed. 2006) (defining "dysthymia" as low-level or sub-threshold depressive symptoms)). These findings were affirmed in the report of a reviewing physician. (Tr. at 332.) The ALJ further pointed out that, aside from receiving a psychiatric evaluation in anticipation of his worker's compensation claim, Plaintiff has not received any psychiatric treatment (and, by implication, has not been prescribed any psychotropic drugs). The ALJ proceeded to discuss Plaintiff's daily activities. He noted that after he injured his back, Plaintiff attended a local university where he satisfactorily completed a bachelor's degree program, participation in which had both an exertional and mental component. The ALJ concluded that the evidence does not support a claim of severe mental impairment. Plaintiff points to no evidence that the ALJ failed to consider. *But see supra* Part IV[1] (discussing late filing of Dr. Coscia's report). It appears that the

---

[1] The Coscia report was generated after the ALJ held his hearing, but more than a month prior to his issuing a decision. Furthermore, Coscia had treated Plaintiff as early as 2004. Surely the report could have been generated earlier.

4

ALJ considered all the evidence in the record and that his conclusion is supported by substantial evidence.

> 3. *The ALJ Properly Considered the Medical Opinions and Objective Medical Evidence in Regard to Plaintiff's Back Injury*

It appears that Plaintiff disputes the ALJ's Step Three analysis; in other words, Plaintiff argues that the ALJ failed to properly consider some of the medical opinions and objective medical evidence which would establish that he suffered a severe disability which meets or equals a listed impairment.

The ALJ concluded, based on the medical records and objective medical evidence before him, that Plaintiff's "back disorder, although "severe," "does not rise to the level of meeting the spinal stenosis, nerve root, or spinal cord compression requirements of medical listing 1.04, and is not supported by the necessary diagnostic and clinical evidence." (Tr. at 28.) Indeed, the ALJ concluded that there is "no objective diagnostic or clinical findings to support any resultant limitations" in connection with Plaintiff's back injury. In summarizing the evidence, the ALJ noted the following reports. In his 2004 report, Plaintiff's treating physician Arash Amami, M.D., reported that Plaintiff had no limitations on his activities. (Tr. at 30.) Another 2004 examination indicated no or only mild range of motion limitations. Plaintiff underwent two MRI tests, in 2004 and 2006; both MRIs show "'very small' bulges and a 'mild' or 'shallow' herniation at L4-L5." (*Id.*) In a July 2006 examination, a State agency medical consultant found that Plaintiff had no more than a "moderate range of motion limitations of the lumbar spine," "unremarkable extremity functioning, and no sensory, [or] motor deficits." (Tr. at 31.) In April 2007, Dr. Amami further indicated that Plaintiff's "cervical spine MRI was unremarkable and there was nothing that could cause this numbness." (*Id.*) During this period, the record indicates that Plaintiff received physical therapy, takes some pain medication, and has had epidural injections on two occasions. He has not undergone surgery, and by 2005 surgery was not prescribed. His treatment was neither "aggressive nor exhaustive," and he sees his family doctor only "a few times a year."

The ALJ also noted some medical evidence from 2005 and 2006, i.e., evaluations made in preparation for the claimant's worker's compensation claim, indicate "significantly greater limitations." The ALJ noted that the "remainder of the medical evidence does not substantiate the[] findings [found in the worker's compensation medical reports]." Furthermore, as the Government points out, the standards for disability coverage in the two legal regimes -- worker's compensation and Social Security disability -- are not identical. Reports generated in the context of a worker's compensation claim, therefore, are not highly probative. The ALJ had discretion not to rely on those reports. *See* 20 C.F.R. § 404.1504.

Plaintiff fails to point to any evidence which the ALJ failed to consider. The Court concludes that the ALJ's determination was based on substantial evidence in the record.

5

   *4. The ALJ Properly Considered the Medical Opinions and Objective Medical Evidence in Regard to the Degree and Intensity of Plaintiff's Subjective Pain*

The ALJ concluded that Plaintiff's back injury could reasonably be expected to produce subjective pain; however, he found that the Plaintiff's statements in regard to intensity, persistence and limiting effects" were not "entirely credible." (Tr. at 29.) Here, the objective medical evidence, *see supra* Part IV[3], did not corroborate the degree of pain reported by Plaintiff. The ALJ then turned to other evidence. Plaintiff collected unemployment benefits during the period he seeks disability coverage. Such benefits are predicated on the applicant's attesting that he is able to work, not that he was disabled. During this period, Plaintiff attended college as a full time student, and maintained an average in excess of 3.0. He managed to do this without any accommodations from the university's disability office. And, as stated above, other than some injections and pain medication, his medication and treatment regime was neither aggressive nor exhaustive. Finally, Plaintiff reported that he engaged in everyday activities, such as driving, shopping, handling money, and caring for his own personal needs. In these circumstances, the ALJ concluded that Plaintiff's complaints of pain were exaggerated, and he was capable of performing the full range of light work.

Plaintiff fails to point to any pain-related evidence which the ALJ failed to consider. The Court concludes that the ALJ made no error in regard to determining the intensity of Plaintiff's pain.

## V.   CONCLUSION

For the reasons elaborated above, the Commissioner's decision is **AFFIRMED.** An appropriate order follows.

|  |  |
|---|---|
|  | s/ William J. Martini |
| **DATE: March 11, 2011** | **William J. Martini, U.S.D.J.** |